## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

IN THE MATTER OF THE SEARCH OF:

A BLACK USB 2.0 MICRO SD FLASH
DRIVE PRESENTLY STORED AT
THE KNOXVILLE FEDERAL
BUREAU OF INVESTIGATION LOCATED
AT 1501 DOWELL SPRINGS BLVD.,
KNOXVILLE, TENNESSEE 37909.

Case No. 3:22-MJ-2026

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your affiant, Emily L. Ciaravino, a Special Agent of the Federal Bureau of Investigation

(FBI) being duly sworn, deposes and states the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been

so employed since January 2019. I am an "Investigative or Law Enforcement Officer" within the

meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States

who is empowered by law to conduct investigations of, and to make arrests for, offenses

enumerated in Section 2516 of Title 18, United States Code. My primary duties and responsibilities

involve the investigation of violations of federal law including violent crime as found in Title 18

of the United States Code and the Controlled Substances Act as found in Title 21 of the United

States Code. I am currently assigned to the Knoxville Field Office of the FBI and am assigned to

the Violent Crime Squad. During my tenure as a Special Agent, I have investigated crimes

including, but not limited to, bank robbery, gangs and organized crime, narcotics trafficking,

fugitive investigations and violent crimes against children. I have conducted physical surveillance,

assisted in the execution of search warrants, analyzed phone and internet records, and conducted

arrests of criminal subjects. Prior to joining the FBI, I was a Detective in the Criminal

Investigations Division of the Roane County Sheriff's Office in Roane County, Tennessee. I received several hours of training and attended numerous classes regarding investigative techniques and methods related to crimes against children. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A, as well as the enticement and coercion of minors, in violation of 18 U.S.C. § 2422(b). I have gained experience in conducting these investigations through training and daily investigative activity, including executing search warrants and interviewing individuals who seek to sexually exploit children. As part of my training and experience, I have observed and reviewed numerous examples of child pornography, as defined in 18 U.S.C. § 2256, in multiple forms of media.

2.     I have probable cause to believe that contraband and evidence of a crime, fruits of a crime, and instrumentalities of violations of the following statutes:

a.   18 U.S.C. § 2252A(a)(1)(2) – Distribution of Child Pornography;

b.   18 U.S.C. §§ 2251(a)(e) – Production of Child Pornography,

are located on the electronic device listed in Attachment A.

3.     The electronic device is located in the Eastern District of Tennessee.

4.     Located on the electronic devices to be searched, I seek to seize evidence, fruits, and instrumentalities of the foregoing criminal violations. I request authority to search those electronic devices where any computer, computer media, and any communication devices including but not limited to any wireless telephones may be located for the items specified in

2

Attachment A, and to seize all items listed in Attachment B as evidence of the aforementioned crimes.

5.      The statements contained in this affidavit are based in part on information provided by FBI Special Agents, written reports about this investigation, information obtained from other law enforcement officers, information gathered from the service of subpoenas, the result of physical and electronic surveillance conducted by law enforcement agents, analyses by FBI Agents/Analysts/Computer Forensic Professionals, and my training and experience.

6.      Because this affidavit is being submitted for the limited purpose of obtaining the requested search warrant, your Affiant has not included each and every fact known concerning this investigation. Instead, your Affiant has set forth only the facts believed to be necessary to establish probably cause of the issuance of the requested warrant.

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

7.      Based on my training and experience in child exploitation investigations, I am aware that computers (to include cellular telephones), computer technology, and the Internet significantly facilitate child pornography offenses. Computers generally serve five (5) functions in connection with child exploitation offenses: production, communication, distribution, storage and social networking. Child pornography offenders can transpose photographic images from a camera into a computer-readable format with a scanner. With digital cameras, including covert recording equipment, images, can be transferred directly onto a computer. A modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Therefore, through use of the Internet, electronic contact can be made to literally millions of computers around the world.

3

8.      Child pornography offenders may use photographic equipment embedded in small discreet everyday items in order to capture nude imagery of victims without their knowledge. In your affiant's training and experience, these items are publicly available for purchase and can come in many forms, like phone charging blocks or even what appear to be car key fobs.

9.      A computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown significantly within the last several years. These drives can store thousands of images at very high resolution. In addition, electronic devices such as smartphones, connected devices e-readers, and tablets now function essentially as computers with the same abilities to store images in digital form.

10.      The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including, but not limited to, services offered by Internet portals such as Yahoo and Google. These online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer or device with access to the Internet, and evidence of such online storage of child pornography is often found on the user's computer or device.

11.      Even when such files have been deleted, they can be recovered months or years later using readily available forensic tools. When a person deletes a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until

4

it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside on the hard drive, in space that is not allocated to an active file for long periods of time before they are overwritten. A computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

12. Additionally, files that have been viewed on the Internet are automatically downloaded into a temporary Internet directory or "cache." Browsers typically maintain a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Therefore, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed, and more on the user's operating system, storage capacity, and computer habits.

## PROBABLE CAUSE

13. In support of the application, I hereby incorporate by reference the facts set forth in my prior affidavit in support of federal search warrant in case number 3:21-MJ-1114. A copy of which is attached.

14. On October 7, 2021, Jade Honeycutt was interviewed at her residence at 403 Dewitt Drive, Lenoir City, Tennessee 37772 by FBI Agents. The interview was conducted in conjunction with a consent search of the residence, in which Honeycutt provided written and verbal consent for FBI Agents to search her home and an outbuilding behind the residence. Honeycutt voluntarily provided two (2) Toshiba laptop computers to FBI Agents, stating both laptop computers belonged to her fiancé, James Michael Glenn. Honeycutt did not use either laptop computer, and was not aware if either was password protected, or what the password(s) would be to access the following computers:

5

a. Toshiba Satellite laptop computer, Model: M305D-S4830, Serial Number: 78246107W;

b. Toshiba Satellite laptop computer, Model: C55t-C5300, Serial Number: ZF208782C.

15. Honeycutt was not aware of any locked containers or storage areas where Glenn kept items at the residence. When asked about the outbuilding in the backyard, Honeycutt described it as a "man cave" where the family plays video games and spends time while using the swimming pool. Honeycutt did not believe there would be any items of evidentiary value in the outbuilding.

16. Honeycutt led FBI Agents to the outbuilding in the backyard and unlocked the door to allow FBI Agents to conduct a search of the outbuilding. FBI Agents located a small black battery pack inside of a tool chest drawer, which FBI Agents collected as evidence. On top of a cabinet near the door of the outbuilding, FBI Agents located one (1) black key fob with an attached "GM" key and a blue tag which stated, "2015 GMC Acadia SUV Champagne." Honeycutt stated neither she nor Glenn had a GMC Acadia. FBI Agents observed what appeared to be a small camera lens on the bottom of the key fob. Next to the key fob, on top of the cabinet, FBI Agents located a pinhole camera on a strap attached to a black rectangular media storage device. FBI Agents also located an "Ingles" grocery bag on top of the cabinet containing a blue metal rectangle with 3M adhesive backing, one (1) black charging block, and one (1) black "Micro SD USB 2.0" flash drive. FBI Agents collected the items as evidence.

17. Following the search of the outbuilding, FBI Agents followed Honeycutt back inside of the residence. Honeycutt provided FBI Agents with one (1) black key fob containing one (1) Chevrolet key and blue tag that stated, "2005 Chevy Trailblazer SUV Silver." Honeycutt

6

stated neither she nor Glenn had a Chevrolet Trailblazer. The key fob was collected as evidence.

18.     FBI Agents showed Honeycutt an image that nerdyrabit408 sent the UC, depicting a person's reflection in a mirror with their left hand with the middle finger extended. Honeycutt identified Glenn as the person in the picture in MV's bedroom in their residence.

19.     Honeycutt located a silver colored "Cruzer Titanium 2.0 GB" flash drive in the top right dresser drawer of the master bedroom. Honeycutt also located the red shirt worn by Glenn in the previously identified image.

20.     FBI Agents showed Honeycutt an image that nerdyrabit408 sent the UC, of a white female wearing a dark colored bra and panties standing in front of a bathtub/shower. Honeycutt identified MV in the bathroom of their residence.

21.     During the search of the residence, Honeycutt pointed out a small hole she discovered in the wall inside of the closet in the upstairs bedroom where MV sleeps. Honeycutt led FBI Agents into the attic space behind the bedroom and pulled back a piece of insulation to reveal the aforementioned hole. A light was shone through the hole from the attic, which FBI Agents observed coming through the hole in the bedroom closet.

22.     FBI Agents located one (1) "PNY" 128 GB flash drive in a cabinet above the refrigerator in the residence. Honeycutt stated the flash drive did not belong to her. The flash drive was collected as evidence.

23.     Honeycutt also provided FBI Agents with one (1) "Nintendo Switch" handheld gaming device, serial number XJW40015197364. Honeycutt stated the device belonged to Glenn and contained a removable storage device. The Nintendo Switch was collected as evidence. FBI

7

Agents provided Honeycutt with a copy of a FD-597 (Receipt for Property) form, documenting the items seized as evidence.

24.     Forensic examinations were completed on the electronic items collected from 403 Autumn Drive, pertaining to the consent search conducted on October 7, 2021. Imagery containing child pornography was located and appeared to have been created at Glenn and Honeycutt's residence.

25.     On December 9, 2021, SA Emily Ciaravino met with Glenn's ex-wife and Power of Attorney (POA), Kimberly Warren, during a scheduled interview. Warren stated Glenn had given her POA over his affairs, while he is incarcerated. Per Glenn's request, she obtained his vehicle from the McGhee-Tyson Airport. Glenn told her several times it was, "in her best interest" to retrieve the vehicle. While cleaning out the vehicle in preparation for sale, Warren located a small flash drive, a black USB 2.0 Micro SD encased in a food wrapper within the center console.  Warren stated she was not aware of what the drive contained, nor did she want to.  Warren voluntarily provided the FBI with the drive to assist in the ongoing investigation, as it was likely an item of investigative interest.

26.     The black USB 2.0 Micro SD was placed into evidence at the Knoxville Federal Bureau of Investigation located at 1501 Dowell Springs Blvd., Knoxville, Tennessee.

## CONCLUSION

27.     Based on the information set forth in this affidavit, there is probable cause to believe that contraband, evidence, fruits, and instrumentalities of, and property designed for use in committing the violation of Title 18, United States Code, Section 2252A(a)(1)(2) (Distribution of Child Pornography) and Title 18, United States Code, Section 2251(a) and (e) (Production of Child

8

Pornography) are presently located on the electronic item as described in Attachment A, and the digital media therein.

EMILY L. CIARAVINO
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 14th day of January, 2022.

H. BRUCE GUYTON
UNITED STATES MAGISTRATE JUDGE

9

**EXHIBIT A**
**ITEMS TO BE SEARCHED**

One (1) black USB 2.0 Micro SD flash drive.

**EXHIBIT B**
**PARTICULAR THINGS TO BE SEIZED**

1.      Child pornography in any form.

2.      Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

3.      Any and all correspondence identifying persons transmitting, through interstate commerce including the United States mail or computers, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

4.      Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person or property by name and address)*<br><br>ELECTRONIC DEVICES COLLECTED FROM 403 DEWITT DRIVE, LENOIR CITY,<br>TENNESSEE 37772, THAT ARE STORED AT THE KNOXVILLE FEDERAL BUREAU OF<br>INVESTIGATION LOCATED AT 1501 DOWELL SPRINGS BLVD., KNOXVILLE, TENNESSEE<br>37909, AS FURTHER DESCRIBED IN ATTACHMENT A, WHICH IS ATTACHED HERETO AND<br>FULLY INCORPORATED HEREIN. | )<br>)<br>)<br>) ,<br>)<br>)<br>)  Case No.   3:21-MJ- 1141 |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Tennessee _____
*(identify the person or describe the property to be searched and give its location)*:

ELECTRONIC DEVICES COLLECTED FROM 403 DEWITT DRIVE, LENOIR CITY, TENNESSEE 37772, THAT ARE STORED AT THE KNOXVILLE FEDERAL BUREAU OF INVESTIGATION LOCATED AT 1501 DOWELL SPRINGS BLVD., KNOXVILLE, TENNESSEE 37909, AS FURTHER DESCRIBED IN ATTACHMENT A, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

PLEASE SEE ATTACHMENT B, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN.

**YOU ARE COMMANDED** to execute this warrant on or before _____ October 28, 2021 _____ *(not to exceed 14 days)*
◻ in the daytime 6:00 a.m. to 10:00 p.m.     ◻ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Debra C. Poplin _____ .
*(United States Magistrate Judge)*

◻ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
◻ for _____ days *(not to exceed 30)*   ◻ until, the facts justifying, the later specific date of _____

Date and time issued:   10/15/2021 12:30p.M.     _____
*Judge's signature*

City and state:    Knoxville, Tennessee     Debra C. Poplin, United States Magistrate Judge
*Printed name and title*

# EXHIBIT A
## ITEMS TO BE SEARCHED

a.    (1) "Nintendo Switch" handheld gaming device, serial number XJW40015197364

b.    (1) "PNY" 128 GB flash drive

c.    (1) black key fob containing one (1) Chevrolet key and blue tag that stated, "2005 Chevy Trailblazer SUV Silver."

d.    (1) black "Micro SD USB 2.0" flash drive

e.    (1) black charging block

f.    (1) black key fob with an attached "GM" key and a blue tag which stated, "2015 GMC Acadia SUV Champagne."

g.    (1) pinhole camera on a strap attached to a black rectangular media storage device

h.    (1) Cruzer Titanium 2.0 GB flash drive

i.    (1) Toshiba Satellite laptop computer, Model: M305D-S4830, Serial Number: 78246107W

j.    (1) Toshiba Satellite laptop computer, Model: C55t-C5300, Serial Number: ZF208782C.

## EXHIBIT B
## PARTICULAR THINGS TO BE SEIZED

1.     Child pornography in any form.

2.     Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

3.     Any and all correspondence identifying persons transmitting, through interstate commerce including the United States mail or computers, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

4.     Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ELECTRONIC DEVICES COLLECTED FROM 403 DEWITT DRIVE, LENOIR CITY,<br>TENNESSEE 37772, THAT ARE STORED AT THE KNOXVILLE FEDERAL BUREAU OF<br>INVESTIGATION LOCATED AT 1501 DOWELL SPRINGS BLVD., KNOXVILLE,<br>TENNESSEE 37909, AS FURTHER DESCRIBED IN ATTACHMENT A, WHICH IS<br>ATTACHED HERETO AND FULLY INCORPORATED HEREIN. | )<br>)<br>)  Case No. 3:21-MJ-1141<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
ELECTRONIC DEVICES COLLECTED FROM 403 DEWITT DRIVE, LENOIR CITY, TENNESSEE 37772, THAT ARE STORED AT THE KNOXVILLE FEDERAL BUREAU OF INVESTIGATION LOCATED AT 1501 DOWELL SPRINGS BLVD., KNOXVILLE, TENNESSEE 37909, AS FURTHER DESCRIBED IN ATTACHMENT A, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN.

located in the _____ Eastern _____ District of _____ Tennessee _____ , there is now concealed *(identify the person or describe the property to be seized):*
PLEASE SEE ATTACHMENT B, WHICH IS ATTACHED HERETO AND FULLY INCORPORATED HEREIN.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) & (e) | Production of child pornography |
| 18 U.S.C. § 2252A(a)(1) & (2) | Distribution of child pornography |

The application is based on these facts:

Please see the Affidavit of FBI Special Agent Emily Ciaravino which is attached hereto and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Emily Ciaravino, Special Agent FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 10/15/2021 _____

*Judge's signature*

City and state: Knoxville, Tennessee

Debra C. Poplin, United States Magistrate Judge
*Printed name and title*

# EXHIBIT A
## ITEMS TO BE SEARCHED

a.   (1) "Nintendo Switch" handheld gaming device, serial number XJW40015197364

b.   (1) "PNY" 128 GB flash drive

c.   (1) black key fob containing one (1) Chevrolet key and blue tag that stated, "2005 Chevy Trailblazer SUV Silver."

d.   (1) black "Micro SD USB 2.0" flash drive

e.   (1) black charging block

f.   (1) black key fob with an attached "GM" key and a blue tag which stated, "2015 GMC Acadia SUV Champagne."

g.   (1) pinhole camera on a strap attached to a black rectangular media storage device

h.   (1) Cruzer Titanium 2.0 GB flash drive

i.   (1) Toshiba Satellite laptop computer, Model: M305D-S4830, Serial Number: 78246107W

j.   (1) Toshiba Satellite laptop computer, Model: C55t-C5300, Serial Number: ZF208782C.

## EXHIBIT B
## PARTICULAR THINGS TO BE SEIZED

1.    Child pornography in any form.

2.    Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

3.    Any and all correspondence identifying persons transmitting, through interstate commerce including the United States mail or computers, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

4.    Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

IN THE MATTER OF THE SEARCH OF:

ELECTRONIC DEVICES COLLECTED
FROM 403 DEWITT DRIVE, LENOIR
CITY, TENNESSEE 37772, THAT ARE
STORED AT THE KNOXVILLE FEDERAL
BUREAU OF INVESTIGATION LOCATED
AT 1501 DOWELL SPRINGS BLVD.,
KNOXVILLE, TENNESSEE 37909.

Case No. 3:21-MJ ___1141___

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your affiant, Emily L. Ciaravino, a Special Agent of the Federal Bureau of Investigation

(FBI) being duly sworn, deposes and states the following:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been

so employed since January 2019. I am an "Investigative or Law Enforcement Officer" within the

meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States

who is empowered by law to conduct investigations of, and to make arrests for, offenses

enumerated in Section 2516 of Title 18, United States Code. My primary duties and responsibilities

involve the investigation of violations of federal law including violent crime as found in Title 18

of the United States Code and the Controlled Substances Act as found in Title 21 of the United

States Code. I am currently assigned to the Knoxville Field Office of the FBI and am assigned to

the Violent Crime Squad. During my tenure as a Special Agent, I have investigated crimes

including, but not limited to, bank robbery, gangs and organized crime, narcotics trafficking,

fugitive investigations and violent crimes against children. I have conducted physical surveillance,

assisted in the execution of search warrants, analyzed phone and internet records, and conducted

arrests of criminal subjects. Prior to joining the FBI, I was a Detective in the Criminal Investigations Division of the Roane County Sheriff's Office in Roane County, Tennessee. I received several hours of training and attended numerous classes regarding investigative techniques and methods related to crimes against children. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A, as well as the enticement and coercion of minors, in violation of 18 U.S.C. § 2422(b). I have gained experience in conducting these investigations through training and daily investigative activity, including executing search warrants and interviewing individuals who seek to sexually exploit children. As part of my training and experience, I have observed and reviewed numerous examples of child pornography, as defined in 18 U.S.C. § 2256, in multiple forms of media.

2.      I have probable cause to believe that contraband and evidence of a crime, fruits of a crime, and instrumentalities of violations of the following statutes:

   a.   18 U.S.C. § 2252A(a)(1)(2) – Distribution of Child Pornography;

   b.   18 U.S.C. §§ 2251(a)(e) – Production of Child Pornography,

are located on the electronic devices listed in Attachment A.

3.      The electronic devices are located in the Eastern District of Tennessee.

4.      Located on the electronic devices to be searched, I seek to seize evidence, fruits, and instrumentalities of the foregoing criminal violations. I request authority to search those electronic devices where any computer, computer media, and any communication devices including but not limited to any wireless telephones may be located for the items specified in

2

Attachment B, and to seize all items listed in Attachment B as contraband and instrumentalities, fruits, and evidence of crime.

5.      The statements contained in this affidavit are based in part on information provided by FBI Special Agents, written reports received by your Affiant about this and other investigations your Affiant directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas, the results of physical and electronic surveillance conducted by law enforcement agents, independent investigation and analysis by FBI agents/analysts and computer forensic professionals, and my training and experience.

6.      Because this affidavit is being submitted for the limited purpose of obtaining the requested search warrant, your Affiant has not included each and every fact known to your Affiant concerning this investigation.  Instead, your Affiant has set forth only the facts believed by your Affiant to be necessary to establish probable cause for the issuance of the requested warrant.

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

7.      Based on my training and experience in child exploitation investigations, I am aware that computers (to include cellular telephones), computer technology, and the Internet significantly facilitate child pornography offenses.  Computers generally serve five (5) functions in connection with child exploitation offenses: production, communication, distribution, storage and social networking.  Child pornography offenders can transpose photographic images from a camera into a computer-readable format with a scanner.  With digital cameras, including covert recording equipment, images, can be transferred directly onto a computer.  A modem allows any computer to connect to another computer through the use of telephone, cable, or wireless

3

connection. Therefore, through use of the Internet, electronic contact can be made to literally millions of computers around the world.

8.    Child pornography offenders may use photographic equipment embedded in small discreet everyday items in order to capture nude imagery of victims without their knowledge. In your affiant's training and experience, these items are publicly available for purchase and can come in many forms, like phone charging blocks or even what appear to be car key fobs.

9.    A computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown significantly within the last several years. These drives can store thousands of images at very high resolution. In addition, electronic devices such as smartphones, connected devices e-readers, and tablets now function essentially as computers with the same abilities to store images in digital form.

10.    The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including, but not limited to, services offered by Internet portals such as Yahoo and Google. These online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer or device with access to the Internet, and evidence of such online storage of child pornography is often found on the user's computer or device.

4

11.     Even when such files have been deleted, they can be recovered months or years later using readily available forensic tools. When a person deletes a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside on the hard drive in space that is not allocated to an active file for long periods of time before they are overwritten. A computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

12.     Additionally, files that have been viewed on the Internet are automatically downloaded into a temporary Internet directory or "cache." Browsers typically maintain a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Therefore, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed, and more on the user's operating system, storage capacity, and computer habits.

## **PROBABLE CAUSE**

13.     In support of the application, I hereby incorporate by reference the facts set forth in my prior affidavit in support of federal search warrant in case number 3:21-MJ-2194. A copy of which is attached.

14.     On October 1, 2021, a Federal Bureau of Investigation (FBI) Special Agent (Agent) was working in an undercover capacity (UC) in a Kik group entitled '#stepdaughtrshare', and was interacting with an individual utilizing the Kik Username, nerdyrabbit408. During their conversation, in the course of an hour, nerdyrabbit408 sent multiple images to the UC. Nerdyrabbit408 indicated he had nude imagery of his 15-year-old

5

stepdaughter which he had taken using a covert camera device contained within a key fob. Nerdyrabbit408 first sent the UC an image of an approximate 14–16-year-old female wearing a white cropped tank top, red holiday themed pajama bottoms, and medium length brown hair. Nerdyrabbit408 told the UC that he would not show faces in his images, because "it was not worth going to jail over."

15.    Nerdyrabbit408 then sent other images of what appeared to be the same minor. Nerdyrabbit408 sent one image of the nude minor female naked from behind, appearing to lean toward a shower and one image of the minor female wearing a purple bra and purple underwear in front of a shower. Nerdyrabbit408 also sent two images of a penis positioned on what appeared to be a pair of girls underwear. One of the aforementioned two images depicted an individual wearing a pair of black and red pajama bottoms. Nerdyrabbit408 told the UC that he loves his stepdaughter's dirty underwear.

16.    Nerdyrabbit408 stated he used a car key fob camera purchased from a local spy shop to take the numerous nude images he has of his stepdaughter. Nerdyrabbit408 sent the UC a link to a car key fob that contains a hidden camera. Nerdyrabbit408 indicated the battery lasts a few hours and he, "try to setup when I know she will shower."

17.    Nerdyrabbit408 sent the UC an image of what appears to be the minor female on a toilet wearing only a black shirt.

18.    Nerdyrabbit408 then sent the UC a fully frontal nude image of the minor female with her arms positioned over her head, standing next to a light-colored shower curtain with a white pattern. Nerdyrabbit408 stated the images he sent were still images from videos taken by the spy cam.

6

19.     On October 4, 2021, the UC submitted an Emergency Disclosure Request (EDR) to Kik and requested IP address logins for the username nerdyrabbit408 to identify the user of this account. The results indicated nerdyrabbit408 was utilizing IP address 47.7.177.39 to access and communicate on the Kik platform. This IP address is owned by Charter Communications. Information pertaining to an emergency disclosure request was provided by Charter Communications on October 4, 2021. The results indicated the internet service affiliated to IP address 47.7.177.39 belonged to subscriber Jade Honeycutt at 403 Dewitt Drive, Lenoir City, Tennessee 37772.

20.     Kik records provided additional IP logins for the nerdyrabbit408 account beginning on September 9, 2021 and ending on October 4, 2021. Several of the listed IP addresses associated with these logins were registered to the Internet Service Provider (ISP) Verizon Wireless (Verizon). Based on the UC's training and experience, Verizon will provide information on all assigned subscriber numbers (referred to as MSISDN) which are connected to their NATTING IP address during a specific date and time provided by the requestor. On October 5, 2021, the UC submitted an EDR to Verizon and selected three separate dates and times the user nerdyrabbit408 utilized a Verizon IP address to connect to Kik. These dates and times are as follows:

Verizon IP Address 174.248.40.149 on 10/1/21 at 12:22:36 UTC

Verizon IP Address 174.248.43.215 on 10/2/21 at 02:48:46 UTC

Verizon IP Address 174.248.45.30 on 10/3/21 at 20:34:55 UTC

21.     Verizon provided approximately 17 unique subscriber numbers for the October 1, 2021 request, approximately 69 unique subscriber numbers for the October 2, 2021 request, and

7

approximately 140 unique subscriber numbers for the October 3, 2021 request. The UC analyzed

this data and determined the only subscriber number to have utilized the IP addresses listed

above on more than one of the requested dates and times listed above, was the subscriber number

865-454-1928. The UC conducted a law enforcement database search on this number which

revealed the subscriber as James Glenn (Glenn), 403 Dewitt Dr, Lenoir City, TN. This number

was also utilized by Glenn to contact the FBI office in Knoxville when he called to request

information about a search warrant conducted at his residence on October 4, 2021.

22.     Verizon also provided subscriber information for telephone number 865-454-1928

as associated with customer, Glenn residing at 403 Dewitt Dr., Lenoir City, TN.

23.     On October 4, 2021, a search warrant was executed at 403 Dewitt Drive Lenoir

City, Tennessee 37772. Upon arrival, it was determined Jade Honeycutt and her fiancé, Glenn

had left on a vacation to Mexico that same morning. During the search warrant execution,

photographs were obtained in the kitchen, an upstairs bathroom and upstairs bedroom. The

images provided to the UC by nerdyrabbit408 matched the rooms observed by law enforcement

in the residence.

24.     Specifically, the upstairs bathroom had a blue towel on a towel rack adjacent to

the shower. There were teal, yellow, and pink loofahs hanging on the shower faucet handle, as

well as a large bottle of beauty product with a pump applicator on the side of the bathtub. These

items matched the background of the images sent by nerdyrabbit408 to the UC. Additionally, the

shower curtain in the upstairs bathroom was light blue with a white pattern, which matched the

shower curtain in the nude images of the minor female.

8

25.     Interviews were conducted on scene of Brandi Weiss (Weiss), a family friend, and

of Honeycutt's son, Bailei Dugger (Dugger). Dugger and Weiss stated Glenn is Honeycutt's

fiancé and resides at the 403 Dewitt Drive residence with her. Honeycutt has three children, two

of which are adults and one fifteen-year-old daughter (hereinafter referred to as MV).  MV stays

at her mother's house occasionally on weekends, but her primary residence is with her biological

father.

26.     On October 5th at approximately 1:55p.m. Glenn contacted FBI Knoxville to

inquire about the search warrant conducted at his home the day before. FBI SA Ciaravino briefly

spoke with Glenn about a search warrant conducted at his residence regarding a crimes against

children case.  SA Ciaravino asked Glenn when he arrived back from Mexico to call and set up a

time to discuss the case. Glenn contacted FBI Knoxville from his cell phone number, 865-454-

1928. While on the phone with SA Ciaravino, Glenn confirmed his cellular telephone number to

be, 865-454-1928. Law enforcement also reviewed Glenn's Tennessee driver license record

which indicated his address is 403 Dewitt Drive, Lenoir City, TN 37772. Glenn was identified as

a white male, date of birth 07/02/1979, Tennessee driver license number 096768711.

27.     On October 5, 2021, a forensic interview of MV was conducted. During the

interview MV was shown several images from the conversation sent by nerdyrabbit408 to the

UC, in which MV identified her mother's home, MV's bathroom and bedroom. One image sent

by nerdyrabbit408 to the UC in order to prove that he was legitimate and taking photos in real

time was also shown to MV which depicted a male's reflection in a mirror.  In my training and

experience, individuals will send photos to others with a particular number of fingers displayed

in a photo or some other hand sign to indicate they are taking photos in real time.  MV

9

recognized her bedroom in the image and identified the male's reflection in her bedroom mirror as her future stepfather, Glenn. When asked how MV knew it was Glenn, she stated that no other adult male lives in the home, aside from her brother. MV was certain the male depicted in the mirror was not her brother. Further, MV recognized the shirt worn by the male as a shirt that, "looks like the shirt that he [Glenn] wears." MV knew this image was recent as of the past month, as the garbage can next to the mirror in the image was new.

28.     A partial image of the penis positioned on what appeared to be a pair of girls underwear with an individual wearing black and red pajama pants, with a portion of a hand visible, was shown to MV during the interview. MV stated she, her mother, and Glenn have black and red matching pajama pants. MV observed the hand in the photo and believed it to be Glenn's hand – as she and her mother always wear their nails longer or adorned in some way. The fully frontal nude image of the minor female with her arms positioned over her head, standing next to a light-colored shower curtain with a white pattern was described to MV by the forensic interviewer. MV was then shown a portion of the image which she identified as her body based on a freckle.

29.     MV identified herself in an image depicting her in a dark colored bra and panties. MV stated the image was taken in the bathroom at her mother's residence. She was not aware that this image or any of the images had been taken at the time they were captured.

30.     On October 7, 2021, Jade Honeycutt was interviewed at her residence at 403 Dewitt Drive, Lenoir City, Tennessee 37772 by FBI Agents. The interview was conducted in conjunction with a consent search of the residence, in which Honeycutt provided written and verbal consent for FBI Agents to search her home and an outbuilding behind the residence.

10

Honeycutt voluntarily provided two (2) Toshiba laptop computers to FBI Agents, stating both laptop computers belonged to her fiancé, James Michael Glenn. Honeycutt did not use either laptop computer, and was not aware if either was password protected, or what the password(s) would be to access the following computers:

a. Toshiba Satellite laptop computer, Model: M305D-S4830, Serial Number: 78246107W;

b. Toshiba Satellite laptop computer, Model: C55t-C5300, Serial Number: ZF208782C.

31. Honeycutt was not aware of any locked containers or storage areas where Glenn kept items at the residence. When asked about the outbuilding in the backyard, Honeycutt described it as a "man cave" where the family plays video games and spends time while using the swimming pool. Honeycutt did not believe there would be any items of evidentiary value in the outbuilding.

32. Honeycutt led FBI Agents to the outbuilding in the backyard and unlocked the door to allow FBI Agents to conduct a search of the outbuilding. FBI Agents located a small black battery pack inside of a tool chest drawer, which FBI Agents collected as evidence. On top of a cabinet near the door of the outbuilding, FBI Agents located one (1) black key fob with an attached "GM" key and a blue tag which stated, "2015 GMC Acadia SUV Champagne." Honeycutt stated neither she nor Glenn had a GMC Acadia. FBI Agents observed what appeared to be a small camera lens on the bottom of the key fob. Next to the key fob, on top of the cabinet, FBI Agents located a pinhole camera on a strap attached to a black rectangular media storage device. FBI Agents also located an "Ingles" grocery bag on top of the cabinet containing a blue metal rectangle with 3M adhesive backing, one (1) black charging block, and

11

one (1) black "Micro SD USB 2.0" flash drive.  FBI Agents collected the items as evidence.

33.     Following the search of the outbuilding, FBI Agents followed Honeycutt back inside of the residence.  Honeycutt provided FBI Agents with one (1) black key fob containing one (1) Chevrolet key and blue tag that stated, "2005 Chevy Trailblazer SUV Silver."  Honeycutt stated neither she nor Glenn had a Chevrolet Trailblazer.  The key fob was collected as evidence.

34.     FBI Agents showed Honeycutt an image that nerdyrabit408 sent the UC, depicting a white minor female in a kitchen wearing a white tank top and red holiday pajama pants. Honeycutt identified the white minor female as MV in their kitchen.  Honeycutt also indicated the photograph was approximately 5 months old based on a mop seen in the picture. Honeycutt provided the FBI agents with the white "Shein" brand white cropped tank top, which MV was wearing in the image.  Agents collected the item as evidence.

35.     FBI Agents showed Honeycutt an image that nerdyrabit408 sent the UC, depicting a person's reflection in a mirror with their left hand with the middle finger extended. Honeycutt identified Glenn as the person in the picture in MV's bedroom in their residence.

36.     Honeycutt located a silver colored "Cruzer Titanium 2.0 GB" flash drive in the top right dresser drawer of the master bedroom.  Honeycutt also located the red shirt worn by Glenn in the previously identified image.

37.     FBI Agents showed Honeycutt an image that nerdyrabit408 sent the UC, of a white female wearing a dark colored bra and panties standing in front of a bathtub/shower. Honeycutt identified MV in the bathroom of their residence.

12

38.   When asked if Glenn had a pair of black and red plaid pajama pants, Honeycutt stated he did and they (Honeycutt, Glenn and MV) all purchased matching pajama pants two (2) years ago at Christmas time. Honeycutt retrieved a digital photograph on her cellular telephone depicting Glenn standing next to MV, in which they are both wearing black and red plaid pajama pants. Honeycutt verbally consented to FBI Agents taking a digital photograph of the image displayed on her cellular telephone. Honeycutt provided the FBI Agents Glenn's two (2) pair of XL red and black pajama pants depicted in the picture. FBI Agents collected the Cruzer Titanium 2.0 GB flash drive, the XL size reddish colored t-shirt, and the two (2) pair of red and black pajama pants as evidence.

39.   During the search of the residence, Honeycutt pointed out a small hole she discovered in the wall inside of the closet in the upstairs bedroom where MV sleeps. Honeycutt led FBI Agents into the attic space behind the bedroom and pulled back a piece of insulation to reveal the aforementioned hole. A light was shone through the hole from the attic, which FBI Agents observed coming through the hole in the bedroom closet.

40.   FBI Agents located one (1) "PNY" 128 GB flash drive in a cabinet above the refrigerator in the residence. Honeycutt stated the flash drive did not belong to her. The flash drive was collected as evidence.

41.   Honeycutt also provided FBI Agents with one (1) "Nintendo Switch" handheld gaming device, serial number XJW40015197364. Honeycutt stated the device belonged to Glenn and contained a removable storage device. The Nintendo Switch was collected as evidence. FBI Agents provided Honeycutt with a copy of a FD-597 (Receipt for Property) form, documenting the items seized as evidence.

13

42.     This search warrant seeks to search the following items collected from the consent search conducted at 403 Dewitt Drive Lenoir City, Tennessee on October 7, 2021 for evidence of violations of Production of Child Pornography and Distribution of Child Pornography:

a.      ~~(1) "Nintendo Switch" handheld gaming device, serial number XJW40015197364~~

b.      (1) "PNY" 128 GB flash drive

c.      (1) black key fob containing one (1) Chevrolet key and blue tag that stated, "2005 Chevy Trailblazer SUV Silver."

d.      (1) black "Micro SD USB 2.0" flash drive

e.      (1) black charging block

f.      (1) black key fob with an attached "GM" key and a blue tag which stated, "2015 GMC Acadia SUV Champagne."

g.      (1) pinhole camera on a strap attached to a black rectangular media storage device

h.      (1) Cruzer Titanium 2.0 GB flash drive

i.      (1) Toshiba Satellite laptop computer, Model: M305D-S4830, Serial Number: 78246107W

j.      (1) Toshiba Satellite laptop computer, Model: C55t-C5300, Serial Number: ZF208782C.

## CONCLUSION

43.     Based on the information set forth in this affidavit, there is probable cause to believe that contraband, evidence, fruits, and instrumentalities of, and property designed for use in committing the violation of Title 18, United States Code, Section 2252A(a)(1)(2) (Distribution of Child Pornography) and Title 18, United States Code, Section 2251(a) and (e) (Production of Child

14

Pornography) are presently located on the electronic items as described in Attachment A, and the digital media therein.

_emily Ciancino_
EMILY L. CIARAVINO
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 15th day of October, 2021.

_Debra C. Poplin_
DEBRA C. POPLIN
UNITED STATES MAGISTRATE JUDGE

15

## EXHIBIT A
## ITEMS TO BE SEARCHED

a.    (1) "Nintendo Switch" handheld gaming device, serial number XJW40015197364

b.    (1) "PNY" 128 GB flash drive

c.    (1) black key fob containing one (1) Chevrolet key and blue tag that stated, "2005 Chevy Trailblazer SUV Silver."

d.    (1) black "Micro SD USB 2.0" flash drive

e.    (1) black charging block

f.    (1) black key fob with an attached "GM" key and a blue tag which stated, "2015 GMC Acadia SUV Champagne."

g.    (1) pinhole camera on a strap attached to a black rectangular media storage device

h.    (1) Cruzer Titanium 2.0 GB flash drive

i.    (1) Toshiba Satellite laptop computer, Model: M305D-S4830, Serial Number: 78246107W

j.    (1) Toshiba Satellite laptop computer, Model: C55t-C5300, Serial Number: ZF208782C.

# EXHIBIT B
## PARTICULAR THINGS TO BE SEIZED

1.      Child pornography in any form.

2.      Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

3.      Any and all correspondence identifying persons transmitting, through interstate commerce including the United States mail or computers, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

4.      Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).